UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| IN RE: WENDY B. ADELSON<br><br>Appellant. | Case No. 23-11659<br>Honorable Shalina D. Kumar |

**OPINION AND ORDER AFFIRMING BANKRUPTCY COURT'S ORDER DENYING APPELLANT'S MOTION TO REOPEN DISMISSED PETITION AND ITS ORDERS STRIKING SUBSEQUENT PLEADINGS**

I. Introduction

Debtor-Appellant Wendy Adelson, proceeding pro se, appeals the Bankruptcy Court's June 14, 2023 order denying her motion to reopen her case, which was dismissed in April 2019. ECF No. 1. She likewise appeals the Bankruptcy Court's orders striking pleadings she filed after the Bankruptcy Court issued the June 14, 2023 order. *Id*. Adelson timely filed her appellant brief, and Appellee HSBC Bank USA, N.A. filed its appellee brief. ECF Nos. 17, 18. For the reasons set forth below, the Court **AFFIRMS** the Bankruptcy Court's order denying Adelson's motion to reopen her dismissed bankruptcy case and the orders striking her subsequent pleadings.

## II.     Procedural Background

Since 2007, the parties have litigated over the foreclosure of a Lake Orion property (the "Property") where Adelson resides. *See Adelson v. Ocwen Loan Servicing, LLC*, 2023 WL 1305100, at *1-2 (6th Cir. Jan. 31, 2023) (*Adelson II*). As the Sixth Circuit laid out in its recent opinion about the dispute, Adelson ceased making mortgage payments to the loan servicer on her home mortgage in April 2007. HSBC initiated foreclosure and Adelson sued to stop the proceedings. *Id*. That state court case was ultimately removed to federal court and consolidated with a multi-district litigation (MDL) pending in the Northern District of Illinois. *Id*. The MDL settled in 2010 with Adelson as a member of the settlement class. Adelson moved to vacate the MDL judgment in 2014; the district court denied the motion, and the Seventh Circuit dismissed Adelson's appeal for lack of jurisdiction. *Id*.

In 2015, Adelson's individual case was sent back to the Eastern District of Michigan, where it was ultimately dismissed, and that dismissal was upheld by the Sixth Circuit. *Id*. (citing *Adelson v. Ocwen Fin. Corp.*, 2018 WL 7226966 (6th Cir. Aug. 20, 2018) (*Adelson I*)). HSBC's loan servicer again began foreclosure proceedings. *Id*. A foreclosure sale was

scheduled for February 26, 2019, but Adelson petitioned for bankruptcy protection on February 22, 2019. *Id*. The automatic stay in Adelson's bankruptcy proceedings required the adjournment of the foreclosure sale until the petition was dismissed a few weeks later, after Adelson failed to file required documents. *Id*. HSBC purchased the Property at the sheriff's sale held on May 7, 2019.

As the expiration of the six-month redemption period approached, Adelson again sued HSBC to challenge the validity of the May 2019 sale. *Id*. The district court dismissed all claims, and the Sixth Circuit upheld that dismissal in January 2023. *Id*.

In May 2023, Adelson moved to reopen the bankruptcy case closed four years previously, in April 2019, asserting that the adjournment of the foreclosure sale during the pendency of the bankruptcy violated the automatic stay. ECF No. 14, PageID.279-92. The Bankruptcy Court denied Adelson's motion to reopen the long-dismissed case because she did not demonstrate the extraordinary circumstances required to reopen such a long-dismissed case under Federal Rule of Civil Procedure 60(b)(6) and because the Sixth Circuit had already rejected the substantive argument Adelson advanced to support reopening her case. *Id*. at PageID.405, 435-

44. Adelson moved for reconsideration in the Bankruptcy Court, which denied the motion. *Id*. at PageID. 406-20, 477. Adelson filed this appeal of the Bankruptcy Court's orders denying her motion to reopen the case and for injunctive relief, as well as its orders striking her subsequent filings. ECF No. 1.

Adelson sought a stay pending appeal from the Bankruptcy Court and from this Court, without success. *See* ECF Nos. 5-1, 12. This Court, like the Bankruptcy Court, denied Adelson's motion to stay pending appeal because the Sixth Circuit had ruled against Adelson on this same claim for relief, and thus, she had no likelihood of success on appeal. ECF No. 12. The Court denied Adelson's subsequent motion to alter or amend this Court's order denying a stay because she failed to identify a mistake, an intervening change of law, or any new facts which would warrant a different outcome. ECF No. 20.

### III.     Standard of Review

"When reviewing a bankruptcy court's decision, a district court functions as an appellate court and applies the standard of review generally applied in the federal courts of appeals." *In re Pastula*, 227 B.R. 794, 795 (E.D. Mich. 1997) (internal citation omitted). A bankruptcy court's decision

on a motion for relief from a judgment or order under Federal Rule of Civil Procedure 60[1] is reviewed for an abuse of discretion. *Keely v. Grider*, 590 F. App'x 557, 559 (6th Cir. 2014). Under this standard, a reviewing court cannot reverse a bankruptcy court's decision without a definite and firm conviction that the bankruptcy court committed a clear error of judgment. *Id*.

## IV. Discussion

Adelson argues on appeal that the Bankruptcy Court abused its discretion in denying her motion to set aside the 2019 dismissal of her petition. The Bankruptcy Court denied Adelson's motion as untimely, and because the Sixth Circuit had already rejected the argument Adelson advanced in her motion to set aside. ECF No. 14, PageID.441-42.

Adelson contends that the single issue she asked the Bankruptcy Court to resolve with her motion—whether fraudulent adjournment of foreclosure sale notices violated the automatic stay—was never addressed by the Sixth Circuit. ECF No. 17. Contrary to Adelson's assertion, the Sixth Circuit directly addressed and rejected this argument. *See Adelson II*, 2023

---

[1] Rule 60 applies to cases under the Bankruptcy Code under Bankruptcy Rule 9024.

Page **5** of **11**

WL 1305100. The Sixth Circuit noted, "Adelson alleges that Defendants violated 11 U.S.C. § 362(a) . . . . But the adjournment of a foreclosure sale does not violate a bankruptcy stay, and, in fact, shows that the party looking to foreclose is respecting the stay." *Id*. at *4, n.3.

Adelson argues that the Sixth Circuit only addresses general foreclosure adjournments, but not fraudulent adjournments. Adelson asserts that the deputy sheriff conducting the foreclosure proceedings on the Property was not a duly appointed sheriff's deputy or acted outside his authority as a deputy sheriff because he resided in Florida, not Michigan. *See* ECF No. 14, PageID.410-18. She argues, as she has in earlier litigation, that because the deputy sheriff was not duly appointed or acted outside of his authority, his postings of the foreclosure sale adjournment notices were defective. ECF No. 17.

But, again, the Sixth Circuit specifically rejected Adelson's argument that anomalies or malfeasance by the deputy sheriff conducting the foreclosure proceedings rendered the foreclosure sale adjournment notices defective or prejudicial to her. *Adelson II*, 2023 WL 1305100, at *5. The court held that defects in the deputy's appointment "would not amount to a defect or irregularity in the foreclosure proceeding itself." *Id*. (internal

quotation omitted). Moreover, "even . . . assuming there was a defect in the sheriff's appointment or with posting the notices of adjournment," Adelson has not been prejudiced "[b]ecause [she] cannot show that she would have been in a better position to preserve her interest in the property without the alleged defects." *Id*.

Adelson also suggests that the Sixth Circuit lacked jurisdiction to reject this argument because the Bankruptcy Court has exclusive jurisdiction to assess stay violations. ECF No. 17. This argument is without merit. Courts have uniformly held that when proceedings against a debtor or property potentially protected by the automatic stay commence or continue in a non-bankruptcy court, that court properly determines whether the automatic stay applies to the proceeding. *Chao v. Hosp. Staffing Servs., Inc.*, 270 F.3d 374, 384 (6th Cir. 2001) (citing *In re Baldwin-United Corp. Litig.*, 765 F.2d 343, 347 (2d Cir. 1985) ("Whether the stay applies to litigation otherwise within the jurisdiction of a district court or court of appeals is an issue of law within the competence of both the court within which the litigation is pending . . . and the bankruptcy court.")). The *Chao* court noted that it was "unaware of a conflict arising between a federal district court and a bankruptcy court" and, regardless, "that such a conflict

would have to be resolved by an appellate court with jurisdiction to hear appeal from both fora." 270 F.3d at 385. The Sixth Circuit thus had jurisdiction over whether the 2019 foreclosure sale violated the automatic stay and that court's previous rejection of Adelson's arguments to that end thwarts any further consideration of those same arguments here. The Bankruptcy Court did not abuse its discretion by relying on the Sixth Circuit's previous ruling to deny Adelson's motion to set aside the dismissal.

Nor did the Bankruptcy Court abuse its discretion by denying Adelson's motion to set aside dismissal as untimely. As the Bankruptcy Court noted, a motion to set aside the dismissal for fraud under Rule 60(b)(3) must be filed no more than a year after the entry of the order. Fed. R. Civ. P. 60(c)(1). Indeed, the Bankruptcy Court commented that it could only grant Adelson the relief she sought under the catch-all Rule 60(b)(6), but that the extraordinary circumstances required to prevail under that subsection "[do] not exist here." ECF No. 14, PageID.442; *see Blue Diamond Coal Co. v. Trustees of UMWA Combined Ben. Fund*, 249 F.3d 519, 524 (6th Cir. 2001) ("[C]ourts must apply Rule 60(b)(6) relief only in unusual and extreme situations where principles of equity mandate relief.").

Although Adelson argues that equitable tolling should apply to permit the late submission of her motion to set aside the dismissal, she provides no argument or evidence of the extraordinary circumstances necessary to override the "public policy favoring finality of judgments and termination or litigation." *Id*. Accordingly, the Court cannot conclude that the Bankruptcy Court committed a clear error of judgment in finding the absence of the required extraordinary circumstances. Its denial of Adelson's motion to set aside as untimely was not an abuse of discretion.

Adelson also argues on appeal that the Bankruptcy Court violated her right to procedural due process by striking pleadings she filed after her motion to reopen her case was denied. ECF No. 17. Adelson had filed a motion for violation of the automatic stay and a related motion for contempt. The Bankruptcy Court struck her motion for violation of the automatic stay because the motion failed to comply with Federal Rule of Bankruptcy Procedure 9011. ECF No. 14, PageID.277. It later struck Adelson's motion for contempt because such a motion is not recognized as one which may be filed in a closed case under the local bankruptcy court rules. U.S. Bankr. Ct. Rules E.D. Mich., Striking Pleadings. Under that rule, with certain enumerated exceptions, the Bankruptcy Court will strike, without prejudice,

any pleadings filed in a closed case unless a motion to reopen such a case is first filed under 11 U.S.C. § 350. *Id.*

Appellate courts have long recognized lower courts' inherent authority and broad discretion to manage their dockets—including striking submissions filed in violation of its local rules. *Newman v. Univ. of Dayton*, 2017 WL 4076517, at *3 (S.D. Ohio Sept. 14, 2017) (citing *American Civil Liberties Union of Ky. v. McCreary Cnty.*, 607 F.3d 439, 451 (6th Cir. 2010)). The exercise of this inherent authority does not generally impinge on a litigant's due process rights. *See, e.g., Kitchen v. Snyder*, 2021 WL 4470032, at *5 (6th Cir. June 23, 2021); *Ramsey v. Receivables Performance Mngmt., LLC*, 2019 WL 1054550, at *2 (S.D. Ohio Mar. 6, 2019).

Moreover, "it is well-established that a plaintiff claiming a procedural due process violation must establish prejudice." *Reed v. Presque Isle Cnty.*, 702 F. Supp. 3d 553, 581 (E.D. Mich. 2023) (internal quotation omitted). "To establish prejudice, the plaintiff must show that the due process violations led to a substantially different outcome from that which would have occurred in the absence of those violations." *Id*. (internal quotation omitted). Adelson cannot establish that the Bankruptcy Court's

striking of her pleadings prejudiced her because it did not change the outcome.

Adelson's stricken pleadings asked the Bankruptcy Court to enforce the 14-day stay for proceedings to enforce a judgment provided under Federal Rule of Bankruptcy Procedure 7062. But orders dismissing Chapter 13 cases are not subject to the 14-day automatic stay. *See In re Barnes*, 119 B.R. 552, 555 (S.D. Ohio 1989). Accordingly, the Bankruptcy Court's order declining to set aside a dismissal order was likewise not subject to such a stay. Because Adelson was not entitled to the relief requested in the stricken pleadings, the Bankruptcy Court's striking of those pleadings caused no prejudice and did not violate her right to due process. The Court thus affirms the Bankruptcy Court's orders striking Adelson's improper pleadings.

V.   **Conclusion**

For the reasons discussed, the Court **AFFIRMS** the Bankruptcy Court's order denying Adelson's motion to reopen her petition and its orders striking her post-denial pleadings.

Dated: September 30, 2024

s/Shalina D. Kumar
SHALINA D. KUMAR
United States District Judge